UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CDM MEDIA USA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SIMMS,<br><br>    Defendant. | No. 14 CV 9111<br><br>Judge Manish S. Shah |

**ORDER**

Plaintiff's motion to strike defendant's affirmative defenses, [28], is denied, except with respect to defendant's general reservation of rights to plead additional defenses, which is stricken.

**STATEMENT**

*Background*

CDM Media USA is a marketing and media-services company. *See* [1-1] at 7 ¶ 8.[*] Robert Simms worked for CDM from 2009 to 2014, at which time he left to work for one of the company's customers. *See id.* at 8 ¶ 13; *id.* at 14 ¶¶ 38, 40. While at CDM, Simms was a member of the company's senior management team and had access to CDM's confidential materials, including vendor and customer lists and pricing and cost data. *See id.* at 8 ¶ 14. CDM claims that after Simms resigned in 2014, he retained some of these confidential data and began to use them to CDM's detriment—a violation of Simms' non-compete agreement with CDM. *See id.* at 14 ¶ 44; *id.* at 15–16 ¶¶ 48–58.

In 2014, CDM sued Simms in the Circuit Court of Cook County for breach of contract, violation of the Illinois Trade Secrets Act, and common-law misappropriation. *See generally* [1-1]. Simms removed the case to federal court on diversity grounds, *see* [1], and moved to dismiss CDM's complaint under Federal Rule of Civil Procedure 12(b)(6), *see* [13]. The motion was granted in part and denied in

---

[*] Citations to the record are designated by the document number as reflected on the district court's docket, enclosed in brackets; referenced page numbers are from the CM/ECF header placed at the top of filings.

part, [23], and Simms filed an answer to the claims not dismissed, [25]. Appended to his answer was a list of affirmative defenses:

1. Plaintiff's Complaint fails to state any claim upon which relief may be granted.
2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrines of laches, estoppel, release and waiver.
3. Plaintiff's claims are barred by the statute of frauds.
4. Plaintiff failed to give consideration for the covenants and promises alleged in its Complaint.
5. The covenants and promises alleged in Plaintiff's Complaint were obtained through duress, fraud and/or illegality.
6. Any injury that Plaintiff may have suffered, such being denied, was not a result of any conduct on the part of Defendant.
7. Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.
8. Defendant's actions were not intentional, willful or malicious.
9. Plaintiff has not suffered any injury and otherwise lacks standing.
10. Plaintiff is not entitled to the damages sought in the Complaint.
11. If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts or omissions.
12. Plaintiff failed to mitigate its damages.
13. Plaintiff's claims are subject to arbitration.
14. Plaintiff's claims are barred by the doctrine of *res judicata*.

*Id.* at 24–25. Preceding the above list, Simms stated that he "expressly reserve[d] his right to plead additional or other affirmative defenses as the facts supporting them become known to him." *Id.* at 24.

CDM moved to strike each of Simms's affirmative defenses, as well as Simms's reservation of the right to plead additional defenses. [28].

*CDM's Motion to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court may strike from a pleading any insufficient defenses or redundant or immaterial matter. Fed. R. Civ. P. 12(f). The rule is permissive; the court need not strike insufficient defenses or other matter, and has considerable discretion in deciding whether it ought to do so, *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citations omitted).

The general rule is that motions to strike are disfavored, since, in many instances, such motions serve only to delay the litigation. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). In my view, this general rule governs unless the matter to be stricken is mere clutter and there are efficiencies to be gained in removing such clutter from the case. *See id.* (noting that removing clutter "serve[s] to expedite, not delay"). A party seeking to strike matter from a pleading must show that the removal will alter the pretrial process in a meaningful way, or that not removing the matter from the litigation will prejudice the moving party.

In its present motion, CDM moves to strike defendant's sixth, seventh, eighth, ninth, and tenth affirmative defenses (as listed above) because those defenses are not "true" affirmative defenses. *See* [28] at 4–6. A true affirmative defense admits all of the allegations in the plaintiff's complaint but states other reasons why, in the defendant's estimation, he is not liable to the plaintiff—or, alternatively, why the defendant is liable for less than what the plaintiff claims. *See State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001). If a defense merely denies the truth of the plaintiff's allegations, the defense is not, in the proper sense, an affirmative defense.

CDM argues that Simms's defenses six, seven, eight, nine, and ten are not really affirmative defenses and so should be stricken from his responsive pleading. These defenses collectively assert that CDM in fact suffered no injury—or if it did, Simms was not the cause of that injury (and if he did cause it, he did not do so intentionally or willfully)—and so is not entitled to any damages. *See* [25] at 25 ¶¶ 6–10. These defenses do not, as proper affirmative defenses ought, admit the allegations in CDM's complaint. They are more properly characterized as argumentative denials, since their purpose is instead to deny the truth of CDM's allegations (namely, that CDM *was* injured, that it was Simms who caused those injuries, and that CDM is entitled to compensatory and punitive damages as a result). Nevertheless, these defenses will not be stricken because their presence or absence does not alter the case in a meaningful way. The issues to which these defenses speak are issues raised by the plaintiff's own allegations, and thus are issues already in the case. Discovery will be had on these matters whether or not these defenses are stricken. Thus, there are no efficiencies to be gained by removing them, and CDM certainly is not prejudiced by their continued presence. The motion to strike this group of defenses is therefore denied.

CDM next argues that Simms's second, third, fourth, fifth, eleventh, and twelfth affirmative defenses should be stricken because they are insufficiently pleaded. These defenses, says CDM, are affirmative defenses, but they present only

barebones, conclusory allegations that fail to meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* [28] at 2, 4.

The defenses of which CDM complains here are indeed boilerplate. *See, e.g.*, [25] at 25 ¶¶ 2–3 (asserting that CDM's claims are barred by "applicable statutes of limitations[,] laches, estoppel, release and waiver," and "by the statute of frauds"). At this point, these defenses do not advance the litigation because they do not, as pleaded, provide CDM with any real notice of the factual issues underlying them. On the other hand, there are no real efficiencies to be gained in striking them now, because discovery on these issues would likely be permitted. Since removing the defenses will not advance the case, and as CDM points to no harm in letting them stand, the motion to strike this group of defenses is denied.

CDM next contends that the thirteenth and fourteenth affirmative defenses should be stricken because not only has Simms not provided any factual support for these defenses, but indeed he cannot do so. In his fourteenth affirmative defense, Simms asserts that CDM's claims are barred by *res judicata*. *See id*. ¶ 14. *Res judicata* is a proper affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). But CDM seeks to strike the defense here because, according to CDM, it has never been involved any prior litigation with Simms—so Simms cannot, as a factual matter, establish the elements needed to maintain that defense. *See* [28] at 6–7 (arguing that, to prove *res judicata*, one must show an identity of causes of action, an identity of the parties or their privies, and a final judgment on the merits (citing *Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 727–28 (7th Cir. 2014)). CDM may well be right: in the end, Simms may not be able to establish *res judicata* for any of CDM's claims. But Simms has not conceded the point, *see* [31] at 8, and there is no harm in letting this defense remain in the case. If there are truly no facts to support *res judicata*, then there is none to discover and thus no reason to assume that Simms will press the issue moving forward.

In his thirteenth affirmative defense, Simms asserts that CDM's claims are subject to arbitration. *See* [25] at 25 ¶ 13. CDM moves to strike this defense because Simms has not alleged any facts suggesting that CDM's claims are arbitrable, and even if he had, Simms has waived his right to arbitration. *See* [28] at 6 (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F2d 585, 589 (7th Cir. 1992)). As with the *res judicata* defense, it may be that Simms will not be able to offer enough proof to support his arbitration defense. Again, however, Simms has not conceded the argument, *see* [31] at 8, and striking this defense would not advance the litigation unless it is certain that, as CDM asserts, Simms has waived any right to arbitration that may exist (in which case, any discovery or motion practice on arbitrability would be wasteful of the parties' time and resources).

4

A right to arbitrate may be waived, either explicitly or implicitly. *See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citing *St. Mary's*, 969 F.2d at 587). Implicit waiver may be found only where, in light of the totality of circumstances, a party has acted "inconsistently with the right to arbitrate." *Id.* (citation omitted). A party is presumed to have acted inconsistently with his right to arbitrate once he chooses to proceed in a judicial forum, *see id.* at 995 (citing *Cabinetree of Wis. v. Kraftmaid Cabinetry*, 50 F.3d 388, 390 (7th Cir. 1995))—a choice that includes, as defendant did here, removing a state-court action to federal court, *see Cabinetree*, 50 F.3d at 390. But the presumption of waiver is a rebuttable one, and in cases where waiver is asserted, the district court must determine whether the relevant party truly intended to elect a judicial forum rather than an arbitral one. *See id.* at 390–91; *Iowa Grain Co. v. Brown*, 171 F.3d 504, 509 (7th Cir. 1999) (discussing *Cabinetree*, 50 F.3d at 390–91). Moreover, even if initial waiver is found, the court may determine that the waiver is rescinded in light of the course the litigation has taken. *See Iowa Grain*, 171 F.3d at 509–10; *Cabinetree*, 50 F.3d at 391 (noting that a variety of circumstances may dictate that no waiver should be found or a rescission of waiver permitted). Waiver, in short, is a fact-dependent inquiry, and the relevant facts—which may include, for example, concerns about the arbitrability of claims and statutes of limitations, or the extent to and manner in which the party seeking arbitration has already participated in pre-trial activities in the judicial forum, *see Iowa Grain*, 171 F.3d at 509–10—are not currently before the court. For the reasons just discussed, the motion to strike affirmative defenses thirteen and fourteen is therefore denied.

CDM argues that defendant's first affirmative defense, too, should be stricken. *See* [28] at 3–4. This defense asserts that CDM's complaint "fails to state any claim upon which relief may be granted." [25] at 25 ¶ 1. CDM contends that this assertion is not a proper affirmative defense. Though perhaps not a true affirmative defense, this defense is one that may properly be included in a responsive pleading. *See* Form 30, Fed. R. Civ. P. App.; Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules . . . ."). CDM is correct that this defense is not advancing the case here, since a Rule 12(b)(6) motion to dismiss—the more appropriate way to address an alleged failure to state a claim—has already been filed and resolved. *See* [13], [23]. But letting the defense remain in the case would not be prejudicial to CDM, so it will not be stricken.

Finally, CDM moves to strike the language in Simms's response purportedly reserving for Simms the right to amend his pleading as desired. *See* [28] at 7 (discussing [25] at 24). If Simms would like to amend his responsive pleading, he may seek leave to do so, but he may not reserve as a general right the ability to amend. *See* Fed. R. Civ. P. 15(a). Accordingly, the portion of defendant's pleading "expressly reserv[ing] his right to plead additional or other affirmative defenses" is stricken.

ENTER:

Date: 6/1/15

Manish S. Shah
U.S. District Judge